David R. Markham (SBN 071814)
*dmarkham@markham-law.com*
Maggie Realin (SBN 263639)
*mrealin@markham-law.com*
Lisa Brevard (SBN 323391)
*lbrevard@markham-law.com*
**THE MARKHAM LAW FIRM**
8910 University Center Lane, Suite 400
San Diego, CA 92122
Tel.: 619.399.3995; Fax: 619.615.2067

Walter Haines (SBN 071075)
*walter@whaines.com*
**UNITED EMPLOYEES LAW GROUP**
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: 888.474.7242; Fax: 562.256.1006

Attorneys for Plaintiff on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE TOWNSEND, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland Corporation<br><br>Defendant. | **CASE NO.:**<br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>1) **VIOLATIONS OF FAIR LABOR STANDARDS ACT (29 U.S.C. §§207; 211(C), 215(A), 216(B), 255(A)); 29 C.F.R. §516 *ET SEQ.***<br>2) **FAILURE TO PAY REGULAR AND/OR OVERTIME WAGES;**<br>3) **FAILURE TO REIMBURSE NECESSARILY INCURRED BUSINESS EXPENSES;**<br>4) **FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS;**<br>5) **FAILURE TO PAY ALL WAGES DUE UPON TERMINATION;**<br>6) **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL"), BUS. & PROF. CODE § 17200 *et seq.***<br>7) **VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT (PAGA) (Lab. Code §2698, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MICHELLE TOWNSEND ("Plaintiff"), by and through her attorneys of record, brings this Class and Collective Action Complaint against Defendant MAXIM HEALTHCARE SERVICES, INC., ("MAXIM HEALTHCARE" or "Defendant"). Plaintiff hereby alleges, on information and belief, except for information based on personal knowledge, which allegations are likely to have evidentiary support after further investigation and discovery, as follows:

## NATURE OF THE ACTION

1. This is a class and collective action for wage and labor violations arising out of Defendant's failure to pay wages for all time worked, including overtime, failure to reimburse necessarily incurred business expenses, and for derivative claims.

2. As more fully set forth below, Defendant misclassified as exempt its current and/or former salaried Recruiters in California, and as a result failed to pay them wages for all hours worked, including overtime, in violation of California Labor Code §§ 510, 1198, the applicable Industrial Wage Order, and Fair Labor Standards Act, 29 U.S.C., §201, *et seq*.,  ("FLSA"); failed to reimburse incurred necessary business expenses; failed to furnish timely and accurate wage statements; failed to pay all wages due upon termination; and, is in violation of California's Unfair Competition Law ("UCL").

3. Plaintiff seeks to represent and prosecute claims against Defendant in class and collective action proceedings on behalf of all those similarly situated who are or were residents of the State of California.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer … in any Federal or State court of competent jurisdiction."

5. This Court has diversity jurisdiction over this action, under 28 U.S.C. § 1332. Plaintiff is a citizen of California and Defendant is a citizen of Maryland.

6. In addition, this Court also has original jurisdiction over this action pursuant

to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which there are at least 100 members of the class, and any member of a class of plaintiffs is a citizen of a state different from any defendant, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

7.      This case meets each of the CAFA requirements because (1) Plaintiff alleges on information and belief there is at leasthundred of class members in California, (2) there is diversity between at least one putative class member and the named Defendant; and (3) Plaintiff alleges and believes the aggregate claims for wages and penalties exceed the jurisdictional $5,000,000.00 amount. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d). This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper because upon information and belief, Plaintiff was employed by Defendant within this District, and Defendant conducts substantial business—including employing class members within this District, and maintains numerous stores in this District.

## **PARTIES**

9.      Plaintiff MICHELLE TOWNSEND is currently a resident of Hayward, California. Plaintiff was employed by Defendant as a Recruiter - Level 2 in Oakland, California, and later worked remotely in Hayward, California, from approximately August 2018 to March 2021.

10.      Plaintiff is informed and believes, and on that basis alleges, that MAXIM HEALTHCARE SERVICES, INC., is a Maryland Corporation which, through hundreds of office locations nationwide, provides home healthcare, companion and behavioral care, healthcare staffing, and workforce solutions. *See* https://www.maximhealthcare.com/about-us.

11.      Plaintiff is informed and believes, and on that basis alleges, that MAXIM

*Townsend v. Maxim Healthcare Services, Inc.*
CLASS AND COLLECTIVE ACTION COMPLAINT

HEALTHCARE SERVICES, INC., is, and at all relevant times alleged herein was, a Maryland corporation authorized to and conducts business in California, including but not limited to the Northern District of California.

## FACTS

12.    From August 2018 to March 2021, Plaintiff was employed by Defendant as a Recruiter - Level 2. Plaintiff was classified as an exempt employee.

13.    Throughout Plaintiff's employment with Defendant, Plaintiff worked more than forty (40) hours per week, and more than eight (8) hours per day.

14.    As an exempt employee, Plaintiff worked an average of 55 to 60 hours per week due to Defendant's requirement to be "on-call" during evenings and weekends, however, Plaintiff was not paid correct overtime compensation for such additional work.

15.    While misclassified as an exempt employee, Plaintiff had no authority to make decisions concerning hiring or firing employees, rates of pay, placement fees, job performance, disciplinary matters, or specific job duties and was required to perform non–exempt job duties lacking managerial or discretionary character at least 50 percent of her working hours.

16.    Plaintiff's job duties consisted of assisting in the placement process for nurses by sourcing potential nursing candidates, scheduling their training, and collecting all documents from new hires; communicating with all teachers, advisors, and other staff about each case within their district; answering the phone; collecting timesheets, ensuring they were complete, and that all timesheets were received; and "on-call coordination," which required answering phone calls, text messages, and emails outside of business hours to facilitate last minute scheduling changes.

17.    During the relevant time period, Plaintiff worked an average of 15 to 20 hours of uncompensated overtime per week while misclassified as an exempt employee. Plaintiff was not compensated correctly for the time she was required to be "on-call."

18.    Defendant knew or should have known that the FLSA administrative

exemption, 29 U.S.C. § 213(a)(1)(defined at 29 C.F.R. § 541), does not exempt employees of businesses such as Defendant's that perform the job duties described above.

19.     Nevertheless, in reckless disregard of the FLSA and California state law, Defendant adopted and then adhered to its policy and plan of treating Plaintiff and other class members as exempt from overtime requirements. As a result, Plaintiff and all other similarly situated employees were denied overtime compensation due to them under the FLSA and California state law.

20.     Additionally, during the relevant time period, Plaintiff and other class members were required to use their personal cellphones while they were "on-call" prior to the Covid-19 pandemic. Plaintiff and class members have not been reimbursed for all cellphone expenses.

21.     Upon information and belief, the above–mentioned unlawful employment practices by Defendant were applied the same to all Recruiters Defendant's employ throughout California.

22.     Defendant's conduct, as alleged here, caused Plaintiff and other class members damages including, but not limited to, loss of wages and compensation. Defendant is liable to Plaintiff and the class for improperly classifying Plaintiff and class members as exempt; failing to pay all regular and/or overtime wages owed for each pay period; failing to reimburse for business-related expenses, including personal cellphone usage in performance of their job duties; failing to provide timely and accurate wage statements; failure to pay all wages due upon termination; and violations of California's unfair competition law, and Private Attorneys General Act of 2004 ("PAGA").

23.     Plaintiff is member of, and seeks to be a representative for, the class of similarly situated employees who all have been exposed to, have suffered, and/or were permitted to work under Defendant's unlawful employment practices as alleged in this complaint.

## EXHAUSTION OF PAGA NOTICE REQUIREMENT

24.     Plaintiff Townsend exhausted the notice requirement by filing a complaint with the Labor and Workforce Development Agency ("LWDA") in her letter dated November 3, 2021, as required under the California Labor Code Private Attorneys General Act ("PAGA"). A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit A**. The LWDA did not assume jurisdiction over the applicable penalty claims alleged; therefore, Plaintiff has exhausted the procedural requirement under PAGA to pursue any and all penalty claims as provided under PAGA.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings the First Cause of Action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) on behalf of all current and former employees of Defendant, who held the position of "Recruiter," including any of Defendant's job positions with substantially similar titles and duties in California at any time within the applicable statutory time period (the "FLSA Collective Action Members.")

26.     Plaintiff and FLSA Collective Action Members performed the same or substantially similar duties for Defendant; were subject to Defendant's common policy and practice of failing to pay wages, failing to pay overtime wages for all hours worked over forty in one workweek; have otherwise been subject to common compensation plans, policies, and practices; and are otherwise "similarly situated" employees within the meaning of the FLSA.

27.     The First Cause of Action for violations of the FLSA may be brought and obtained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), because Plaintiff's claims and all FLSA Collective Action Members are similarly situated.

28.     The names and addresses of the FLSA Collective Action Members are available from Defendant.  Accordingly, Plaintiff prays for an order requiring Defendant

to provide the names and all available contact information for all FLSA Collective Action Members so that notice can be provided to them of the pendency of this action, and their right to opt-in to this action.  Plaintiff further prays that the applicable statute of limitations be tolled based on, among other reasons, Defendant's violations regarding its Recruiters' entitlement to regular and overtime pay.

## CLASS DEFINITIONS AND CLASS ALLEGATIONS

29.    Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated, and as members of the Class she seeks to represent. The Class Period is from four years prior to the filing of the Complaint in this action until the trial of this action ("Class Period"). The Class is defined as:

> *All current and former salaried Recruiters, and/or employees with similar job titles and/or duties who worked for Defendant within the State of during the Class Period ("the Class").*

30.    Further, Plaintiff brings this action on behalf of herself and all other similarly situated persons in Subclasses of the Plaintiff's Class, defined as:

### a.  Regular Wage Subclass

All current and former salaried Recruiters, and/or employees with similar job titles and/or duties who worked for Defendant within the State of California during the Class Period who worked at least one shift less than eight hours in a workday and/or worked less than 40 hours during the workweek.

### b.  Overtime Subclass

All current and former salaried Recruiters, and/or employees with similar job titles and/or duties who worked for Defendant within the State of California during the Class Period who worked at least one shift longer than eight hours in a workday and/or worked more than 40 hours during the workweek.

### c.  Unreimbursed Business Expenses Subclass

All current and former salaried Recruiters, and/or employees with similar job titles and/or duties who worked for Defendant within the State of California during the

6

Class Period who incurred business expenses necessary to perform their job duties for which they were not reimbursed.

### d. Itemized Wage Statement Subclass

All current and former salaried Recruiters, and/or employees with similar job titles and/or duties who worked for Defendant within the State of California during the Class Period who received at least one wage statement from Defendant within the statute of limitations period applicable to claims under Section 226 of the California Labor Code.

### e. Waiting Time Penalties Subclass

All members of the Class and Subclasses (a) and (b) who separated employment with Defendant within the statute of limitations period applicable to claims under Section 203 of the California Labor Code.

### f. UCL Subclass

All current and former salaried Recruiters, and/or employees with similar job titles and/or duties who worked for Defendant within the State of California during the Class Period, regarding whom Defendant have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by Business & Professions Code § 17200 *et. seq.* as specifically described herein.

31.    Plaintiff reserves the right to amend or otherwise alter the class definition, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant or otherwise.

32.    **Numerosity/Impracticability of Joinder**: The members of the Class are so numerous that individual joinder is impracticable. The members of the class are so numerous that joinder of all members would be unfeasible and impracticable. Plaintiff estimates, on information and belief, that there is at least a hundred, if not more,  of salaried Recruiter employees of Defendant employed, or formerly employed, throughout California during the Class Period. The identity of individuals qualifying for class

membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendant in the normal course of business. Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

33.    **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class. These questions predominate over any questions affecting only individual class members such that a class action is superior to other forms of action. The claims of the named Plaintiff are typical of those of every other member of the Plaintiff Class. All Class Members were treated in a similar fashion and suffered similar harm as a consequence of Defendant's conduct, as alleged. Common legal and factual questions include, but are not limited to:

a.   Whether Plaintiff Class were properly classified as exempt;

b.   Whether Defendant performed an analysis on a group–wide basis for Plaintiff Class to determine if Plaintiff Class duties qualified the group for non–exempt status;

c.   Whether Defendant based job classification on job descriptions alone;

d.   Whether Defendants violated Labor Code §510, 1194, 1194.2, 1197, 1198 and the applicable California Industrial Welfare Commission Order by failing to pay Plaintiff and class members regular and overtime wages;

e.   Whether Defendant violated Labor Code §2802, by failing to reimburse Plaintiff and class members incurred necessary business expenses;

f.   Whether Defendant failed to maintain accurate and itemized wage statements;

g.   Whether Defendant violated Labor Code § 201-203 by failing to pay all wages due upon termination to all Class members who were terminated or voluntarily quit;

h.   Whether Defendant conducted and engaged in unfair business practices and violated California Business and Professions Code § 17200; and

i.   The nature and extent of class–wide injury and the measure of damages or restitution for the injury.

34.   **Typicality:** The claims of Plaintiff herein are typical of the claims for the members of the Plaintiff Classes as a whole, all of whom have incurred and/or will incur damages, including irreparable harm, as a proximate or legal result of the common course of the conduct of Defendant as complained of in this Class Action Complaint. The claims of Plaintiff are typical of Plaintiff Class because Defendant subjected all of their misclassified employees as defined in this Complaint to the identical violations of the California Industrial Welfare Commission Wage Orders, California Code of Regulations, the California Labor Code, the California Business and Professions Code, which prohibits unfair business practices arising from such violations, and the Fair Labor Standards Act.

35.   **Adequacy:** Plaintiff, on behalf of herself and all others similarly situated, will fairly and adequately protect the interests of all members of the Plaintiff Class, in connection with which she has retained attorneys. Plaintiff is able to fairly and adequately protect the interests of all members of the Plaintiff Class because it is in her best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked. Further, Plaintiff's counsel are adequate class counsel as they have previously certified and litigated many other wage and hour class actions.

36.   Plaintiff does not anticipate any difficulty managing this litigation.

37.   **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff's and the Class members' claims. Individual employees such as Plaintiff have a difficult time prosecuting an individual action against large corporate employers such as Defendant. The damages suffered by each individual class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and

extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Plaintiff Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

38.   The Class should also be certified because:

a.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant;

b.   The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

c.   Defendant acted or refused to act on grounds generally applicable to the Class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### VIOLATION OF FAIR LABOR STANDARDS ACT
### (Violation of 29 U.S.C. §§207; 211(c), 215(a), 216(b), 255(a)); 29 C.F.R. §516, et seq.)
### (Against all defendants)

39.   Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

40.   At all relevant times hereto, Defendant has been, and is, an employer

10

engaged in commerce, as defined under 29 U.S.C. §203(b) and (d).  As such, Defendant employed members of the FLSA Collective Action Class as "Recruiter" in employment which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g), and 29 U.S.C. §207(a)(1).  At all times relevant hereto, Defendant has been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

41.     Plaintiff is informed and believes, and thereon alleges, that Defendant has required, or requires, the FLSA Collective Action Members, as part of their employment, to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. §207(a)(1).  That Section provides the following:

42.     Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

43.     Indeed, in the performance of their duties for Defendant, the FLSA Collective Action Members often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

44.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Collective Action Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. §216(b), by filing written consents to joinder with the Court.

45.     Defendant's violations of the FLSA were willful.

46.     As a result of the foregoing, Plaintiff seeks judgment against Defendant on her own behalf, and on behalf of those FLSA Collective Action Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including

overtime wages owed by Defendant to the Plaintiff and FLSA Collective Action Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY REGULAR AND/OR OVERTIME WAGES**
**(Violation of Labor Code § 216, 218.5, 510, 1194, 1198, and the applicable Wage Order)**
**(Against all defendants)**

47.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

48.     California Labor Code establishes the fundamental right of all employees in the State of California to be paid wages for their work in a timely fashion.

49.     Pursuant to the applicable Wage Order, Defendant is required to pay Plaintiff for all hours worked, meaning all the time in which an employee is subject to the control of the employer.

50.     Plaintiff and other class members are required to be "on call" on the evenings and on weekends, working 15 to 20 hours of additional time above 40 hours per week. However, class members were improperly classified as exempt employees, and thus not compensated for this time at the correct overtime rate. As a result, Plaintiff and other class members worked hours they were not paid for. Plaintiff and the Class Members therefore seek unpaid wages and penalties.

51.     Defendant's pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful, and entitles Plaintiff to recover, pursuant to Labor Code section 218, the unpaid balance of the straight time compensation owed to her.

52.     Labor Code § 510 and the applicable Wage Order provide that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation beyond their regular wages in

*Townsend v. Maxim Healthcare Services, Inc.*
CLASS AND COLLECTIVE ACTION COMPLAINT

amounts specified by law. Specifically, Labor Code § 510(a) requires that: Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.

53. Labor Code § 1194 establishes an employee's right to recover unpaid overtime compensation, and interest thereon, together with the costs of suit, and attorneys' fees. Labor Code §1198 makes employment of an employee for longer hours than the IWC set or under conditions the IWC prohibits unlawful.

54. During the class period, Plaintiff and other class members have worked more than eight hours in a workday, and/or more than forty hours in a workweek.

55. During the class period, Defendant has failed to pay Plaintiff, and other class members the overtime compensation premium for those unpaid hours they have worked in excess of the maximum hours permissible by law as required by Labor Code § 510 and 1198, and the applicable Wage Order.

56. By virtue of Defendant's unlawful failure to pay for all wages earned and all hours worked and failure to pay the lawful overtime rate of compensation to the Plaintiff and other class members, Plaintiff and other class members have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and will be ascertained according to proof at trial.

57. Defendant acted and is acting intentionally and oppressively toward Plaintiff and other class members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

58. Plaintiff and other class members request recovery of regular and/or

overtime compensation according to proof, interest, attorneys' fees, expenses, and costs pursuant to Labor Code § 218.5, 218.6, 1194(a), and Civil Code §§3287(b) and 3289, as well as the assessment of any statutory penalties against Defendant, in a sum as provided by the Labor Code, the applicable Wage Orders, and/or other statutes.

**THIRD CAUSE OF ACTION**
**FAILURE TO REIMBURSE INCURRED NECESSARY BUSINESS EXPENSES**
**(Violation of Labor Code § 2802, *et seq*.)**
**(Against all defendants)**

59.　Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

60.　California Labor Code section 2802 provides that an employer must reimburse employees for all necessary expenditures.

61.　At all relevant times during the class period, Plaintiff and members of the Class incurred necessary business-related expenses and costs that were not fully reimbursed by Defendant, including, but not limited to, personal cellphone usage.

62.　Defendant has intentionally and willfully failed to fully reimburse Plaintiff and the Class for necessary business-related expenses and costs. Defendant's conduct violates California Labor Code Section 2802.

63.　Plaintiff and the Class are entitled to recover from Defendant their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code section 2802.

**FOURTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §226, 1174–1175)**
**(Against all defendants)**

64.　Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

65.　California Labor Code § 226(a) provides: "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her

14

*Townsend v. Maxim Healthcare Services, Inc.*
CLASS AND COLLECTIVE ACTION COMPLAINT

1   employees, either as a detachable part of the check, draft, or voucher paying the

2   employee's wages, or separately when wages are paid by personal check or cash, an

3   accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

4   worked by the employee […], (3) the number of piece–rate units earned and any

5   applicable piece rate if the employee is paid on a piece–rate basis, (4) all deductions,

6   provided that all deductions made on written orders of the employee may be aggregated

7   and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for

8   which the employee is paid, (7) the name of the employee and only the last four digits of

9   his or her social security number, […], (8) the name and address of the legal entity that is

10  the employer, and (9) all applicable hourly rates in effect during the pay period and the

11  corresponding number of hours worked at each hourly rate by the employee…".

12  66.     By virtue of misclassifying class members as exempt, Defendant knowingly

13  and intentionally omitted required information from the wage statements of Plaintiff and

14  the Class. For instance, the wage statements issued to Plaintiff and the Class failed to

15  itemize the number of regular and overtime hours worked during the pay period and the

16  rate of pay owed to Plaintiff and the Class, among other required information.

17  Defendant's failure to comply with California Labor Code section 226 caused injury to

18  Plaintiff and the Class in an amount currently unascertainable, but which will be

19  determined at trial.

20  67.     Further, California Labor Code section 1174 requires Defendant to maintain

21  and preserve, in a centralized location, among other items, records showing the names

22  and addresses of all employees employed, payroll records showing the hours worked

23  daily by and wages paid to its employees. By virtue of misclassifying Plaintiff and class

24  members as exempt employees, Defendant failed to comply with California Labor Code

25  section 1174. Defendants' failure to comply with California Labor Code section 1174 is a

26  violation of California Labor Code section 1175.

27  68.     Labor Code § 226(e) provides that an employee suffering injury as a result

28

15

of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period.

69.    Defendant's failure to provide Plaintiff and members of the Class with accurate itemized wage statements during the Class period has caused Plaintiff and members of the Class to incur economic damages in that they were not aware that they were owed and not paid compensation for all hours worked at the appropriate rate. In addition, Defendant provided inaccurate information regarding hours worked, which masked its underpayment of wages to Plaintiff and the Class.

70.    As a result of Defendant's issuance of inaccurate itemized wage statements to Plaintiff and members of the Class in violation of Labor Code § 226(a), Plaintiff and the members of the Class are each entitled to recover actual damages or penalties pursuant to § 226(e) of the Labor Code.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE UPON TERMINATION**
**(Violation of Labor Code §§ 201-203)**
**(Against all defendants)**

71.    Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

72.    California Labor Code §§ 201-203 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy–two hours thereafter, unless the employee has given seventy–two hours prior notice of his or her intention to quit in which case the employee is entitled to his or her wages at the time of quitting.

73.    During the Class Period, Defendant willfully failed to pay Plaintiff and Class members who are no longer employed by Defendant all their earned wages, specifically, wages for all hours worked, either at the time of discharge or within seventy–two hours of their leaving Defendant's employ in violation of California Labor Code §§ 201, 202,

16

and 203.

74.     Therefore, Plaintiff and members of the Class are entitled to waiting time penalties for each day that has passed that they have not received all wages owed to them, up to 30 days.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### (Violation of California's Unfair Competition Law,
### Bus. & Prof. Code § 17200 *et seq.*)
### (Against all defendants)

75.     Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set forth herein.

76.     § 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

77.     Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unlawful, unfair, and/or fraudulent business practices under the UCL.

78.     Defendant's unlawful conduct under the UCL includes, but is not limited to, failure to pay class members wages and compensation they earned through labor provided as alleged herein. Defendant's fraudulent conduct further includes, but is not limited to, issuing wage statements containing false and/or misleading information about the time the class members worked and the amount of wages or compensation due.

79.     Plaintiff has standing to assert this claim because she has suffered injury in fact and has lost money as a result of Defendant's conduct.

80.     Plaintiff and the Class seek restitutionary disgorgement from Defendant of monies owed for all hours worked.

81. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified here by suing on behalf of herself and other similarly situated Class members previously or presently working for Defendant in California. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur

1  a financial burden in pursuing this action in the public interest. Therefore, an award of
2  reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure
3  section 1021.5.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF PRIVATE ATTORNEYS GENERAL ACT (PAGA)**
**(Cal. Lab. Code §§2698 and 2699, et. seq.)**
**(Against all defendants)**

7     82.   Plaintiff re–alleges and incorporates all preceding paragraphs as if fully set
8  forth herein.

9     83.   Labor Code sections 2698 and 2699 (The California Private Attorneys
10  General Act of 2004, or "PAGA"), expressly establish that any provision of the
11  California Labor Code which provides for a civil penalty to be assessed and collected by
12  The Labor and Workforce Development Agency ("LWDA"), or any of its departments,
13  divisions, commissions, boards, agencies or employees for a violation of the California
14  Labor Code, may be recovered through a civil action brought by an aggrieved employee
15  on behalf of himself or herself, and other current or former employees.

16     84.   Whenever the LWDA, or any of its departments, divisions, commissions,
17  boards, agencies or employees has discretion to assess a civil penalty, a fact-finder in a
18  civil action is authorized to exercise the same discretion, subject to the same limitations
19  and conditions, to assess a civil penalty.

20     85.   Plaintiff is an "aggrieved employee" as defined by Labor Code section 2699,
21  because she was an employee of Defendant, and one or more of the Labor Code
22  violations was committed against her.

23     86.   Plaintiff asserts all of her claims in this Complaint against Defendant on
24  behalf of herself, and all other members of the Class and/or on behalf of all aggrieved
25  employees, as well as the general public, in her capacity as "private attorney general",
26  and seek all statutory penalties available under the Labor Code.

27     87.   By reason of the above and pursuant to Labor Code section 2699, Plaintiff

Townsend on behalf of herself, and all other members of the Class and/or on behalf of all aggrieved employees, as well as the general public, are entitled to payment of a penalty of $100 per pay period for each employee for the initial violation, and $200 per pay period for each employee for each subsequent violation, plus interest.

88.    In addition, Plaintiff Townsend, on behalf of herself, and all other members of the Class and/or behalf of all aggrieved employees, as well as the general public, seeks and is entitled to have 75% of all recovered penalties and interest allocated to the LWDA and 25% to the Plaintiff Class. Further, Plaintiff is entitled to seek and recover reasonable attorneys' fees, expenses and costs pursuant to Labor Code section 2699, and any other applicable statutes.

89.    Plaintiff complied with the notice requirements of Labor Code section 2699.3(a)(1) prior to commencing this action. A copy of the letter submitted to the California LWDA on November 3, 2021, via online filing, and copied to Defendant's Agent for Service of Process in California on the same date, via certified mail, in accordance with section 2699.3(a)(1), is attached hereto, as **Exhibit A**, and by reference incorporated herein.

90.    As of today's date, the LWDA has not responded to Plaintiff's notice.

91.    Plaintiff and the Plaintiff Class are also entitled to reasonable attorneys' fees and costs, pursuant to California Labor Code section 2699(g)(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against Defendant as follows:

A.    That the Court declare, adjudge, and decree that Defendant violated the Fair Labor Standards Act (29 U.S.C. §§207; 211(c), 215(a), 216(b), 255(a)); 29 C.F.R. §516, *et seq.*;

B.    An order that this class be certified as a class action;

C.    An order appointing Plaintiff MICHELLE TOWNSEND as representative for

the Class and Subclasses;

D.  An order appointing Plaintiff's counsel as counsel for the Class and Subclasses;

E.  For all straight-time wages owed to Plaintiff and each Class Member for all hours worked;

F.  For all overtime wages owed to Plaintiff and each Class member for all hours worked;

G.  For reimbursement of necessary business-related expenses and costs incurred and due to Plaintiff and each Class member;

H.  For other compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

I.  For actual damages or statutory penalties under Labor Code § 226(e);

J.  For waiting time penalties pursuant to Labor Code § 203;

K.  For liquidated damages pursuant to Labor Code § 1194.1;

L.  For restitutionary disgorgement pursuant to the UCL;

M.  Prejudgment and post-judgment interest at the maximum legal rate;

N.  Reasonable attorney's fees;

O.  General, special and consequential damages, to the extent allowed by law;

P.  Costs of suit;

Q.  For attorneys' fees pursuant to Code of Civil Procedure §1021.5;

R.  For penalties for each violation of the Private Attorneys General Act ("PAGA");

S.  In the event Defendant opposes class certification on the grounds that job duties differ from employee to employee, and some employees may be appropriately classified and some may not, then Plaintiff requests an injunction under section 17203 to request Defendant evaluate the job duties on a person-by-person basis.

*Townsend v. Maxim Healthcare Services, Inc.*
CLASS AND COLLECTIVE ACTION COMPLAINT

1   T. Such other equitable relief as the Court may deem just and proper.

2 Dated: January 10, 2022     By: _/s/ David R. Markham_____

3               David R. Markham
               Maggie Realin

4               Lisa Brevard

5

6              **UNITED EMPLOYEES LAW GROUP**
              Walter L. Haines

7              Attorneys for Plaintiff

8        **<u>DEMAND FOR JURY TRIAL</u>**

9
    Plaintiff hereby demands a jury trial with respect to all issues triable of right by

10 jury.

11

12 Dated: January 10, 2022     By: _/s/ David R. Markham_____

13               David R. Markham
               Maggie Realin

14               Lisa Brevard

15

16              **UNITED EMPLOYEES LAW GROUP**
              Walter L. Haines

17              Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

*Townsend v. Maxim Healthcare Services, Inc.*
CLASS AND COLLECTIVE ACTION COMPLAINT

EXHIBIT A

# THE MARKHAM LAW FIRM

• 8910 University Center Lane, Suite 400 • San Diego, California 92122 •
•Phone: (619) 399-3995• Fax: (619) 615-2067•
•Email: *contact@markham-law.com*

November 3, 2021

**Via Online Filing:**
https://dir.tfaforms.net/260
Labor and Workforce Development Agency
Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, California 94612

Re:      Wage/Hour Claims of Michelle Townsend ("Employee") against Maxim
         Healthcare Services, Inc., ("Employer" or "Maxim")

**NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO LABOR CODE §2699.3**

To:      PAGA Administrator, California Labor and Workforce Development Agency
         ("LWDA")

From:    Michelle Townsend, who was subjected to the wage and hour practices set forth
         below

The Employee submits this Notice, pursuant to and in compliance with the requirements of
California Labor Code §2699.3(a) and alleges as follows:

Ms. Michelle Townsend is a resident of the State of California. During the applicable time
period, Ms. Townsend was employed in California by Maxim Healthcare Services, Inc. Ms.
Townsend began working for Maxim in or about August 2018 as a Recruiter - Level 2 and her
employment ended sometime in March 2021. She was classified as an exempt employee. As an
exempt employee, she worked an average of 55 to 60 hours per week due to Maxim's
requirement to be "on-call" during evenings and weekends, but she was not paid any overtime
compensation for such additional work.

While misclassified as an exempt employee, Ms. Townsend had no authority to make decisions
concerning hiring or firing employees, rates of pay, placement fees, job performance,
disciplinary matters, or specific job duties and was required to perform non–exempt job duties
lacking managerial or discretionary character at least 50 percent of her working hours.

Ms. Townsend's job duties consisted of assisting in the placement process for nurses by sourcing
potential nursing candidates, scheduling their training, and collecting all documents from new

hires; communicating with all teachers, advisors, and other staff about each case within their district; answering the phone; collecting timesheets, ensuring they were complete, and that all timesheets were received; and "on-call coordination," which required answering phone calls, text messages, and emails outside of business hours to facilitate last minute scheduling changes.

Maxim Healthcare, Inc. employs numerous employees in the State of California and is headquartered in Columbia, Maryland. During the relevant time period, the Employer utilized consistent policies and procedures regarding Ms. Townsend, and others similarly situated employees, in violation of the sections of the Labor Code specified below,  and the applicable Wage Order. The following is a summary of the violations. .

**Violation of California Labor Code § 510, and 1198**

Labor Code establishes fundamental right of all employees in California to be paid wages for their work in a timely fashion.  Under section 510(a) and 1198 of the California Labor Code, and an applicable Wage Order, non-exempt employees are to be paid 1.5 times their regular rate of pay for all hours worked in excess of eight (8) hours per workday and/or forty (40) hours per workweek.

During the relevant time period, Ms. Townsend worked an average of 15 to 20 hours of uncompensated overtime per week while misclassified as an exempt employee.  Ms. Townsend was not compensated for the time she was required to be "on-call."  Maxim failed to pay Ms. Townsend for all hours worked, including 1.5–times her hourly rate for her work performed over 8 hours in a day, and/or 40 hours in a week.

Maxim willfully, and on a systematic and company–wide basis, maintained and implemented a non–compliant practice and/or policy for the payment of straight wages and overtime. Specifically, Maxim misclassified Ms. Townsend and all other aggrieved employees and failed to pay all straight time and overtime wages owed to them at the correct rate of pay.

Ms. Townsend and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 558, 218.5, 218.6, 1194, and/or 2699(a), (f)-(g).

**Violation of California Labor Code § 226 and 1174**

California Labor Code section 226(a) provides that every employer is required to furnish each employee with accurate itemized statements in writing showing, in part, "gross wages earned," (§226(a)(1)), "net wages earned" (§226(a)(5)), "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee…" (§226(a)(9)) and "the inclusive dates of the period for which the employee is paid. (§226(a)(6).)

Labor Code Section 226(e) provides that if an employer fails to comply with providing an employee with properly itemized wages statements as set forth in 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs, and $100 per employee for each violation in any subsequent pay period, not to exceed $4,000. Further, Labor Code section 226.3 provides that any employer who violates section 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage statement or fails to keep the required records pursuant to Section 226(a).

During the relevant time period, Maxim knowingly and intentionally provided Ms. Townsend and other aggrieved employees with uniform, incomplete, and inaccurate wage statements. By virtue of misclassifying aggrieved employees as exempt, Maxim knowingly and intentionally omitted required information from the wage statements of Ms. Townsend and the aggrieved employees. For instance, the wage statements issued to Ms. Townsend and other aggrieved employees failed to itemize the number of regular and overtime hours worked during the pay period, and the rate of pay for regular and overtime wages, among other required information.

Labor Code section 1174(d) provides that [e]very person employing labor in this state shall… [k]eep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece–rate units earned by and any applicable piece rate paid to, employees employed at the respective plants…" Labor Code Section 1174.5 provides that employers are subject to a $500 civil penalty if they fail to maintain accurate and complete records as required by section 1174(d). During the relevant time period, and in violation of Labor Code section 1174(d), Maxim willfully failed to maintain accurate payroll records for Ms. Townsend and other aggrieved employees by improperly classifying them as exempt employees, incorrect regular and overtime rates of pay, and failing to correctly list the gross wages and net wages.

Because Maxim failed to list the correct classification status, regular and overtime rates of pay, gross wages earned, and net wages on wage statements, Ms. Townsend and other aggrieved employees have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Ms. Townsend and other aggrieved employees have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment.

Ms. Townsend and other aggrieved employees are entitled to recover civil penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 226(e), 226.3, 1174.5, and/or 2699(a), (f)-(g).

**Violation of California Labor Code § 204**

California Labor Code section 204 requires all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee are due and payable between the 1st and 10th day of the following month. California Labor Code section 204 also requires all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. Alternatively, California Labor Code section 204 provides that the requirements of this section are deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

During the relevant time period, Maxim failed to pay Ms. Townsend and other aggrieved employees all wages due to them within the time period specified by section 204—specifically, regular and overtime wages not paid as a result of failing to properly classify them as non-exempt employees.

Ms. Townsend and other aggrieved employees are entitled to recover penalties, attorney's fees, costs, and interest thereon, pursuant to Labor Code sections 210 and/or 2699(a), (f)-(g).

**Violation of California Labor Code §§ 201-203**

In addition, pursuant to Labor Code sections 201-203, aggrieved employees are entitled to thirty days of wages at their regular rate of pay for the Maxim's failure to pay all wages due upon separation of employment.  Here, because Maxim failed to pay her regular and overtime wages for all hours worked, Ms. Townsend alleges that the Maxim has violated Labor Code sections 201-203, and the former employees of Maxim are entitled to waiting time penalties.

**Violation of California Labor Code § 2802**

Lastly, during the applicable statutory period, Ms. Townsend and other aggrieved employees incurred necessary expenditures and losses in direct consequence of the discharge of their employment duties and their obedience to the directions of Maxim. Expenses include, but are not limited to, mobile phone charges, as Ms. Townsend was required to use her personal cellphone during the time she was "on-call" prior to the Covid-19 pandemic.  This violates California Labor Code section 2802, which provides that the "[E]mployer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

Ms. Townsend, as an aggrieved employee and on behalf of herself and all other current or former misclassified Maxim Healthcare Services, Inc., recruiter employees, seeks all penalties or

remedies as may be allowed under PAGA, and by this letter give written notice of their PAGA claim pursuant to Labor Code section 2699.3(a/c)(2)(A). Please advise within sixty (60) calendar days of the filing/postmark date of this Notice whether the LWDA intends to investigate the violations alleged above. We understand that if we do not receive a response within sixty-five (65) calendar days of the filing/postmark date of this Notice that the LWDA intends to investigate these allegations, the aggrieved Employees may immediately thereafter commence a civil action against the Employer pursuant to Labor Code §2699.

The Markham Law Firm and United Employees Law Group represent Ms. Townsend in this matter.

Very truly yours,

**THE MARKHAM LAW FIRM**

David Markham
Maggie Realin
Lisa Brevard

**cc: (via Certified Mail)**
Corporation Service Company
Which Will Do Business in California as CSC –
Lawyers Incorporating Service
*Agent for Service of Process for Maxim*
*Healthcare Services, Inc.*
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505

Maxim Healthcare Services, Inc.
Attn: Legal Department
7227 Lee Deforest Drive
Columbia, MD 21046-3236

Cc: (via Electronic Mail)
Walter L. Haines



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Co. Which
will do Business in CA as
CSC Lawyers Incorporating Service.
2710 Gateway Oaks Dr., Suite 130N
Sacramento, CA 95833

9590 9402 6911 1104 7002 13

2. Article Number (Transfer from service label)

7021 0950 0002 3110 3752

PS Form 3811, July 2020 PSN 7530-02-000-9

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

NOV 08 2021

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$7.53

Total Postage and Fees
$

Sent To  Agent for SOP - Maxion
CSC Lawyers Incorporating Service.
Street and Apt No., or PO Box No.
2710 Gateway Oaks Dr. Ste. 130N
City, State, ZIP+4®
Sacramento CA 95833

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 0950 0002 3110 3752

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Maxim Healthcare Servs. Inc.
Attn: Legal Dept.
7227 Lee Deforest Dr.
Columbia, MD 21046

9590 9402 6911 1104 7002 20

2. Article Number (Transfer from service label)

7021 0950 0002 3110 3769

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION**

A. Signature

X

B. Received by (Print

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

Maxim ...
7227 Lee De...
...umbia, MD

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted D...
☐ Certified Mail®
☐ Certified Mail Restricted Del...
☐ Collect on Delivery
☐ Collect on Delivery Restricted
☐ Insured Mail
☐ Mail Restricted Deliv...

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage
$7.53

Total Postage and Fees
$

Sent To  Maxim Healthcare Legal Dept.
Street and Apt. No., or PO Box No.
7227 Lee Deforest Dr.
City, State, ZIP+4®
Columbia MD 21046

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 0950 0002 3110 3769